Nicholas J. Neidzwski, ABA No. 1805040
BOATLAW, LLP
1440 10th Street, Suite 102-C
Bellingham, WA 98225
Telephone: (360) 671-6711
Fax: (360) 647-2943
Email: nick@boatlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

DEAN PEPER,

               Plaintiff,

    v.

ALASKA EAGLE TENDERING, LLC,
an Alaska Limited Liability Company,

              Defendant.

Case No.:

**COMPLAINT FOR PERSONAL INJURIES AND PROPERTY DAMAGE**

Plaintiff Dean Peper, by and through the undersigned counsel, alleges as follows:

**I.     JURISDICTION & VENUE**

1. This case arises under the Diversity Jurisdiction of this Court, 28 U.S.C. § 1332.

Plaintiff ("Dean Peper") is a citizen of Washington State, residing in Seattle, Washington.

Defendant ("Alaska Eagle Tendering, LLC") is a duly formed Alaska Limited Liability

COMPLAINT
*Dean Peper v. Alaska Eagle Tendering, LLC*
Case No.:

BOATLAW, LLP
1440 10th Street, Suite 102-C
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

Company, and its members are citizens of Alaska, residing in Soldotna, Alaska and Homer, Alaska.

2. The amount in controversy exceeds $75,000.00.

3. The applicable law is the general maritime law of the United States, International Navigation Rules ("COLREGs"), and Alaska law (to the extent it supplements the general maritime law).

4. Venue is appropriate in the Court under 28 U.S.C. § 1391, as the events giving rise to this suit occurred in the Naknek River-Naknek, Alaska, within the Judicial District of Alaska.

## II.    FACTS COMMON TO THE CLAIM & WRONGFUL CONDUCT OF DEFENDANT

5. On or about July 5, 2024, at approximately 3:15 a.m., the F/V TERESA LEE, a gillnet vessel, approximately 32 feet in length, was anchored near the mouth of the Naknek River, at or near the Northside Peter Pan Cannery, a traditional small-boat, gillnet vessel anchorage.

6. On the above date/time, the F/V TERESA LEE was properly anchored with its "anchor light" on, in good working order.

7. On the above date/time, the captain of the F/V TERESA LEE, Plaintiff Dean Peper, was standing watch inside the F/V TERESA LEE.

8. On the above date/time, without warning, Defendant's vessel, the M/V DOROTHEA, a substantially larger vessel, approximately 72 feet in length, proceeded through the vessel anchorage and struck the F/V TERESA LEE, while she was at anchor. At all

**BOATLAW, LLP**
1440 10th Street, Suite 102-C
Bellingham, Washington 98225
(360) 671-6711 – Fax (360) 647-2943

COMPLAINT
*Dean Peper v. Alaska Eagle Tendering, LLC*
Case No.:

material times, Defendant owned, operated, maintained, manned, and controlled the M/V DOROTHEA.

9. The collision was substantial, rendering the F/V TERESA LEE a total loss and resulted in serious personal injury to Dean Peper.

10. After the collision, the M/V DOROTHEA did not stop, did not render assistance, and did not provide identifying information to the F/V TERESA LEE, but rather maintained course and speed to the Alaska General Seafood Cannery. The captain of the M/V DOROTHEA acknowledged that he had hit something as he called Matt Kiplinger, the Alaska General Seafoods foreman, reporting, "I think I just hit something." This report was made over the company radio channel.

11. Shortly after the collision, Dean Peper instructed his crewmembers to check to see if the F/V TERESA LEE's anchor light was on; they reported it was.

12. Despite Dean Peper being severely injured and his vessel, the F/V TERESA LEE, being substantially damaged, he was able to navigate to the Alaska General Seafoods cannery dock, where his vessel was hauled out and later scrapped and taken to the local dump.

## III.    FIRST CAUSE OF ACTION – NEGLIGENCE

13. Plaintiff incorporates by reference paragraphs 1-12 above as if fully stated herein and further alleges: Defendant and its agents, including Matt Chester, the captain of the vessel M/V DOROTHEA, operated the M/V DOROTHEA in a negligent manner and were otherwise negligent, including but not limited to the (a) failure to maintain a proper lookout; (b) failure to appropriately train their crew and workers; (c) failure to proceed at

BOATLAW, LLP
1440 10th Street, Suite 102-C
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

COMPLAINT
*Dean Peper v. Alaska Eagle Tendering, LLC*
Case No.:

a safe speed; (d) failure to assess the risk of collision and have adequate protocols to prevent collision; (e) failure to maneuver to avoid collision; (f) failure to properly use the vessel's radar and/or other instruments to identify anchored vessels; (g) passing ahead of an anchored vessel, especially with a flood current, when good seamanship requires passing behind an anchored vessel under such tidal conditions; (h) failure to use the main Naknek River Channel instead of operating through a small-boat anchorage; and (i) violation of applicable statutes more fully discussed herein below.

14. Plaintiff is entitled to a presumption of fault against Defendant, Alaska Eagle Tendering, LLC, pursuant to the Ninth Circuit holding in *Carr v. Hermosa Amusement Corp.*, 137 F.2d 983 (9th Cir. 1943).

## IV. SECOND CAUSE OF ACTION – STATUTORY VIOLATION, NEGLIGENCE PER SE

15. Plaintiff incorporates by reference paragraphs 1-14 above as if fully stated herein and further alleges, pursuant to the rule announced in *The Pennsylvania,* 86 U.S. 125 (1874), a vessel that violates a statutory rule intended to prevent collisions must prove not merely that its violation was not the cause of the accident, but that it could not have been the cause. Defendant and its agents, including Matt Chester, violated multiple statutory maritime duties intended to prevent collisions, including:

  (a) Failure to maintain a proper lookout, 72 COLREGS-Rule 5;

  (b) Failure to proceed at a safe speed; 72 COLREGS-Rule 6;

  (c) Failure to assess risk of collision, including proper use of radar, 72 COLREGS-Rule 7;

BOATLAW, LLP
1440 10th Street, Suite 102-C
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

COMPLAINT
*Dean Peper v. Alaska Eagle Tendering, LLC*
Case No.:

(d) Failure to avoid a collision with an anchored vessel, including but not limited to failing to pass behind an anchored vessel on flood tide, 72 COLREGS-Rule 8; and

(e) Failure to render aid following a collision, in violation of federal law.

16. Plaintiff incorporates by reference paragraphs 1-15 above as if fully stated herein and further alleges that each of these violations independently triggers the "*Pennsylvania Rule*". Accordingly, Defendant must prove that these violations could not have contributed to the collision. Defendant cannot meet this burden as a matter of law under the facts of this case.

17. Plaintiff incorporates by reference paragraphs 1-16 above as if fully stated herein and further alleges: Defendant and its agents, including Matt Chester, captain of the M/V DOROTHEA, failed to render aid, assistance and identifying information at the scene of the collision, did not stop the M/V DOROTHEA upon impact with the F/V TERESA LEE, but rather chose to continue the voyage upriver to Alaska General Seafoods, and as such, this constitutes a statutory violation and independent negligence, pursuant to 46 U.S.C. § 2304.

## V.     THIRD CAUSE OF ACTION – GROSS NEGLIGENCE

18. Plaintiff incorporates by reference paragraphs 1-17 above as if fully stated herein and further alleges that the failure of Defendant and the captain of the M/V DOROTHEA, to wit: wherein they failed to keep an adequate lookout and caused the collision, and thereafter failed to turn the M/V DOROTHEA around, after consciously being aware that

BOATLAW, LLP
1440 10th Street, Suite 102-C
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

COMPLAINT
*Dean Peper v. Alaska Eagle Tendering, LLC*
Case No.:

they had "hit something", in addition to not offering aid, assistance, nor providing identifying information to the crew of the F/V TERESA LEE, justifies an award of punitive damages. Defendant and the captain of the M/V DOROTHEA demonstrated willful, wanton, and callous disregard for human life and property in causing the collision and following the collision, and therefore, there exists justification for an award of punitive damages against Defendant according to general maritime law.

## VI.   PROXIMATE CAUSE AND DAMAGES

19. Plaintiff incorporates by reference paragraphs 1-18 above as if fully stated herein and further alleges that the acts, omissions, and wrongful conduct of Defendant and its agents was the proximate cause of property damage to the F/V TERESA LEE and bodily injury damage sustained by Plaintiff ("Dean Peper") as follows:

(a) Property damage to the vessel TERESA LEE exceeding compensation received; and Personal Injury damages to Plaintiff ("Dean Peper") as follows:

(b) Physical pain and suffering and loss of enjoyment of life to Plaintiff, in an amount to be proven at trial;

(c) Emotional distress and mental suffering of Plaintiff, in an amount to be proven at trial;

(d) Loss of commercial fishing income, loss of earning capacity, and impairment of other income of Plaintiff, in an amount to be proven at trial;

(e) Medical expenses and other special damages incurred and to be incurred by Plaintiff, in an amount to be proven at trial;

**BOATLAW, LLP**
1440 10th Street, Suite 102-C
Bellingham, Washington 98225
(360) 671-6711 – Fax (360) 647-2943

COMPLAINT
*Dean Peper v. Alaska Eagle Tendering, LLC*
Case No.:

(f) Life Care costs of goods and services, related to special needs costs and expenses incurred and to be incurred by Plaintiff, in an amount to be proven at trial.

## VII. DEMAND FOR A JURY TRIAL

20. Plaintiff demands a jury trial in this case, pursuant to such right under the Seventh Amendment to the United States Constitution.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For his general damages, including for pain and suffering and loss of enjoyment of life, in an amount proven at trial;

B. Uncompensated property damage to F/V TERESA LEE, in an amount to be proven at trial;

C. Loss of income and loss of earning capacity, both commercial fishing and other income, including impairment of income in an amount to be proven at trial;

D. Emotional Distress damages in an amount proven at trial;

E. All past, present, and future medical costs and expenses, in an amount to be proven at the time of trial;

F. The costs of goods and services related to life care planning, in an amount to be proven at the time of trial;

G. For punitive damages according to general maritime law;

H. For prejudgment interest according to general maritime law;

I. For Plaintiff's costs of suit incurred herein; and

J. Other and further relief this District Court deems just and fair.

**BOATLAW, LLP**
1440 10th Street, Suite 102-C
Bellingham, Washington 98225
(360) 671-6711 – Fax (360) 647-2943

COMPLAINT
*Dean Peper v. Alaska Eagle Tendering, LLC*
Case No.:

DATED this 9th day of June, 2026.

BOATLAW, LLP

*/s/ Nicholas J. Neidzwski*
Nicholas J. Neidzwski, ABA No. 1805040
Attorneys for Plaintiff

BOATLAW, LLP
1440 10th Street, Suite 102-C
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943